IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODERIC D. DAVIS,

        **Plaintiff,**

v.                                      1:12-cv-3549-WSD

**CARLOS C. GREEN, in his individual capacity,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Carlos C. Green's ("Defendant Green") Motion for Judgment on the Pleadings [28].

### I.   BACKGROUND

On January 20, 2010, Plaintiff Roderic D. Davis ("Plaintiff") filed a Complaint ("State Complaint") against Defendants Green and "John Doe" Pough (collectively, "Defendants"), in their individual and official capacities, in the Superior Court for Clayton County, Georgia ("State Court Action").  In his State Complaint, Plaintiff alleged that, sometime on the same day the State Complaint was filed, while Plaintiff was detained in the Clayton County Jail, Defendants entered his cell, slammed his head against the concrete wall and metal bed, and knocked him unconscious.  Plaintiff alleged that Defendants failed to provide him

with medical assistance after he was assaulted. He claims he suffered permanent and severe physical and emotional injuries as a result of the alleged assault.

On May 31, 2011, Defendants moved for summary judgment on Plaintiff's state law claims for "malicious assault" and "failure to provide medical assistance."

On August 16, 2011, Plaintiff amended his State Complaint, to assert a claim that the January 20, 2010 assault, and the following failure to provide medical treatment, violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Section I, of the Georgia Constitution. The Amended State Complaint asserts claims based on federal law and the Georgia Constitution, unlike the State Complaint, which asserted tort claim under Georgia law.

On September 20, 2011, Judge Aaron B. Mason of the Superior Court for Clayton County granted Defendants' Motion for Summary Judgment on Plaintiff's state law claims (the "Summary Judgment Order"). Judge Mason found that Plaintiff did not meet his evidentiary burden to support Plaintiff's state law claims or that he suffered physical and emotional injuries.[1] Judge Mason also found that

---

[1] Judge Mason noted that Plaintiff failed even to depose Defendants during the discovery period.

Defendants were entitled to qualified immunity because Plaintiff did not present evidence that Defendants acted with actual malice in committing the claimed assault.

On October 3, 2011, Defendants moved for judgment on the pleadings on the federal and state constitutional claims in the Amended State Complaint. Defendants argued that (i) Plaintiff amended his State Complaint to avoid an adverse ruling on the Motion for Summary Judgment on the state law claims asserted in his original State Complaint, and (ii) the Amended State Complaint was futile because Judge Mason granted summary judgment on the claims asserted in the original State Complaint.

On November 18, 2011, Judge Mason denied Defendants' Motion for Judgment on the Pleadings ("Order on Judgment on the Pleadings").  Judge Mason noted that his Summary Judgment Order did not address the federal and state constitutional claims raised in the Amended State Complaint and thus, these federal and state constitutional claims "remained alive."  See Order on Judgment on the Pleadings, at 1, Davis v. Green, Case No. 2010-CV-475 (November 18, 2011).  Judge Mason noted that his Summary Judgment Order did not resolve the case because Plaintiff amended his State Complaint, and asserted new claims based on the federal and Georgia constitutions before the Summary Judgment Order was

filed.[2] Judge Mason concluded that Plaintiff was allowed, as a matter of right, to file the claims in his Amended State Complaint because he did so before the Summary Judgment Order was filed. Id. at 3.

On April 11, 2012, Plaintiff voluntarily dismissed his Amended State Complaint without prejudice.

On October 11, 2012, Plaintiff filed this action, under 42 U.S.C. § 1983, against Defendants Green and Thomas H. Pough, Jr., in their individual and official capacities ("Federal Complaint"). In his Federal Complaint, Plaintiff contends that Defendants violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution[3] because Defendants assaulted Plaintiff in his cell and failed to provide him with medical assistance after the assault.[4] Plaintiff seeks a judgment against Defendants in the amount of

---

[2] Plaintiff filed his Amended State Complaint on August 18, 2011, approximately a month before Judge Mason's Summary Judgment Order was filed on September 20, 2011. See Order denying Judgment on the Pleadings, at 3, Davis v. Green, Case No. 2010-CV-475 (November 18, 2011).

[3] Plaintiff did not reassert claims under the Georgia constitution.

[4] Plaintiff contends that Defendants' "intentional and malicious actions violated [his] rights under the unlawful search and seizure provisions of the Fourth Amendment, due process provisions of the Fifth Amendment, cruel and unusual punishment provision of the Eighth Amendment, and due process, equal protection and privileges and immunities provisions of the Fourteenth Amendment." Renewed Compl. at ¶ 8.

$1,000,000 to compensate for past, present and future medical expenses, physical and emotional pain, attorneys' fees and the costs of this litigation.

On March 13, 2013, Defendants moved to Dismiss Plaintiff's Complaint for insufficient service of process. On May 15, 2013, Judge J. Owen Forrester granted the Defendants' Motion to Dismiss, in part. Judge Forrester found that Defendant Green was properly served with the summons and Federal Complaint at his residence. He also found that Defendant Pough was not properly served. Judge Forrester granted Defendants' Motion to Dismiss Defendant Pough for insufficient service of process, but allowed Plaintiff's claims to proceed against Defendant Green, in his individual capacity. Judge Forrester dismissed Plaintiff's claims against Defendant Green in his official capacity because the Federal Complaint failed to allege facts to support a claim of official liability.

On May 29, 2014, Judge Forrester administratively closed this case because the case was inactive for several months. Judge Forrester required the parties to file a Motion to Vacate within sixty (60) days, warning that a failure to move to vacate would result in a dismissal of the action with prejudice. On July 28, 2014, Plaintiff moved to vacate the May 29, 2014, Order. On November 18, 2014, the Court reopened this matter.

On January 12, 2015, Defendant Green moved for judgment on the

pleadings.  Defendant Green argues that Plaintiff's Federal Complaint should be dismissed because res judicta bars Plaintiff from litigating his federal claims in this Court.  Defendant Green asserts that (i) the parties to this dispute and the claims asserted in this action are identical to the parties and the claims asserted in the original State Complaint, (ii) Plaintiff failed to raise his federal claims in the original State Complaint, and (iii) Judge Mason's Summary Judgment Order is a final judgment on the merits that disposed of the claims asserted or which could have been asserted in the State Complaint based on the alleged January 20, 2010 assault.  Def.'s Mot. for Judgment on the Pleadings at 8-9.

## II.     DISCUSSION

### A.     Legal Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). Motions for judgment on the pleadings based on allegations of a failure to state a claim are evaluated using the same standard as a Rule 12(b)(6) motion to dismiss. See Sampson v. Washington Mut. Bank, 453 F. App'x 863, 865 n.2 (11th Cir. 2011); Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002); Provident Mut. Life Ins. Co. of Phila. v. City of

6

Atlanta, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss.").

In considering a motion for judgment on the pleadings, the allegations contained in a complaint must be accepted as true and the facts and all inferences must be construed in the light most favorable to the nonmoving party. See Scottsdale Ins. Co. v. Pursley, 450 F. App'x 888, 890 (11th Cir. 2012); Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557).

    B.    <u>Analysis</u>

In determining if a judgment has res judicata effect, the Court applies the res judicata law of the state that rendered the state court judgment. See Kizzire v.

Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (citing 28 U.S.C. § 1738).  Defendant Green seeks to give res judicata effect to an Order issued by the the Clayton County Superior Court.  Georgia law is required to be applied to determine if the Summary Judgment Order bars the federal claims in this case.

In Georgia, "[t]hree prerequisites must be satisfied before res judicata applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction."  Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006); see also O.C.G.A. § 9-12-40.  Regarding the first element, res judicta prevents subsequent actions "as to all matters put in issue or which under the rules of law might have been put in issue" in the original action.  O.C.G.A. § 9-12-40.  Georgia courts have interpreted this requirement to mean that "one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicta pursuant to O.C.G.A. § 9-12-40."  See Fowler v. Vineyard, 405 S.E.2d 678, 682 (Ga. 1991) (internal quotation marks and citations omitted).

The parties do not dispute that the parties and cause of action in this federal constitutional case are identical to those in the State Court Action.

Defendant Green contends that res judicta bars Plaintiff's federal claims

because (1) Plaintiff failed to raise his federal claims in the original State Complaint, and (2) Judge Mason's Summary Judgment Order is a final judgment on the merits that disposed of the claims asserted or which could have been asserted in the State Complaint based on the alleged January 20, 2010 assault. Def.'s Mot. for Judgment on the Pleadings at 8-9.

### 1. Failure to Raise Federal Claims in State Complaint

Plaintiff amended his State Complaint on August 16, 2011. One month later, on September 20, 2011, Judge Mason issued an Order that granted Defendants' Motion for Summary Judgment on Plaintiff's state law claims for "malicious assault" and "failure to provide medical assistance." These claims were not raised again in Plaintiff's Amended State Complaint. Under O.C.G.A. § 9-11-15(a), a plaintiff is entitled to amend his complaint, as a matter of right, before the entry of a pre-trial order or prior to the commencement of trial. See O.C.G.A. § 9-11-15(a). Plaintiff allowably amended his State Complaint before Judge Mason issued his Summary Judgment Order on Plaintiff's state law claims. See Liberty v. Storage Trust Properties, L.P., 600 S.E.2d 841, 845 (Ga. Ct. App. 2004) (citations omitted). The reasoning in Liberty is instructive in evaluating the impact of the Amended State Complaint that was filed.

In Liberty, the trial court entered summary judgment in favor of the

defendant on plaintiff's breach of contract claim.  Id. at 844.  Three hours before the trial court entered its summary judgment order, plaintiff amended his complaint to assert a negligence claim.  Id.  The defendant moved to strike the amended complaint or, in the alternative, for summary judgment.  Id. at 845.  On May 1, 2003, the trial court granted summary judgment on plaintiff's negligence claim on the ground that the contract barred plaintiff's negligence claim.  Id.

On May 29, 2003, plaintiff filed a notice of appeal from both summary judgment orders.  Id.  The defendant moved to dismiss the appeal arguing that (i) the appeal should have been filed within 30 days from the initial grant of summary judgment and (ii) the amended complaint was ineffective.  Id.  The trial court granted defendant's motion to dismiss the appeal, finding that plaintiff attempted to delay the result of the summary judgment order by filing the amended complaint.  The trial court concluded that plaintiff's delay caused the amended complaint to be ineffective because the time to file a notice of appeal ran from the date of the first summary judgment order, and that time had expired.  Id.  The Georgia Court of Appeals reversed:

> As the new claim of negligence asserted in the amended complaint was not, and could not have been, addressed by the trial court in the order it signed the day before the amendment was filed, it remained pending and the trial court's first order granting summary judgment did not dispose of the entire case.  Although this order was subject to a direct appeal by [plaintiff] . . . [plaintiff] was not required to file an

10

>   appeal at that time . . . as a result, we reverse the trial court's order dismissing [plaintiff's] appeal.

Id.

The reasoning in Liberty applies here.  Judge Mason's Summary Judgment Order in the State Court Action did not resolve the entire case because it did not address Plaintiff's federal claims—the only claims asserted in Plaintiff's Amended State Complaint.  See Liberty, 600 S.E.2d at 845   In denying Defendants' Motion for Judgment on the Pleadings, Judge Mason stated that Plaintiff's federal claims, which were not asserted in the State Complaint, "remained alive," and for this reason, denied Defendants' request to dismiss the Amended State Complaint.

An amended complaint supersedes the original complaint.  See Fritz v. Standard Sec. Life Ins. Co. of New York, 676 F.2d 1356, 1368 (11th Cir. 1982); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 601 (11th Cir. 1981).  If a complaint is properly amended, a plaintiff has the right to add or remove claims on which he seeks relief.  Id.  Defendant Green's contention that res judicta bars Plaintiff's federal claims because he failed to raise his federal claims in the original State Complaint does not have a viable legal basis.  Plaintiff's failure to raise his federal claims in the original State Complaint does not bar him from subsequently asserting the federal claims in an Amended State Complaint or in his Federal Complaint.

###### 2.     *Final Judgment*

A final judgment must be entered in the prior suit for res judicata to apply. See Bhindi Bros. v. Patel, 619 S.E.2d 814, 816 (Ga. Ct. App. 2005).  "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case.  The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment."  Id. (quoting Atlanta J's, Inc. v. Houston Foods, Inc., 514 S.E.2d 216, 218 (Ga. Ct. App. 1999)). "The entry of a judgment as to one or more but fewer than all of the claims or parties is not a final judgment . . . and lacks res judicata effect unless the trial court make[s] an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists." Pierce v. Cessna Aircraft Co., 347 S.E.2d 261, 262 (Ga. Ct. App. 1986); see also Horn v. Terminal Transport Co., 190 S.E.2d 158, 159 (Ga. Ct. App. 1972) (holding that res judicata did not apply because the trial court's order in the previous suit did not expressly direct that judgment be entered, and its Order was subject to revision prior to the entry of a final judgment).  A Summary Judgment Order that adjudicates fewer than all of the plaintiff's claims is not a final judgment. See Crisler v. Haugabook, 725 S.E.2d 318 n.1 (Ga. 2012).

The Court concludes that res judicata does not apply here because the

Clayton County Superior Court did not enter a final judgment on Plaintiff's federal claims.  See Pierce, 347 S.E.2d at 262; Horn, 190 S.E.2d at 159.  There is no dispute that the Summary Judgment Order did not address Plaintiff's federal claims, and Judge Mason denied Defendant Green's Motion for Judgment on the Pleadings because the Summary Judgment Order did not address the federal constitutional claims asserted by Plaintiff in the Amended State Complaint before the Summary Judgment Order was entered.

Res judicta also does not apply because, on April 11, 2012, Plaintiff voluntarily dismissed his Amended State Complaint without prejudice.  Under Georgia law, a voluntary dismissal without prejudice does not constitute an adjudication on the merits.  See Rafizadeh v. KR Snelville, LLC, 634 S.E.2d 406, 410 (Ga. Ct. App. 2006) (reversing the trial court's determination that plaintiff's claim was barred by res judicta because plaintiff voluntarily dismissed the first action, and the dismissal did not indicate that it was with prejudice).

### III.  CONCLUSION

The Court concludes that the doctrine of res judicata does not prevent Plaintiff from asserting his federal claims in this action because Plaintiff had a right to file an Amended State Complaint, and the Clayton County Superior Court

did not issue a final judgment on Plaintiff's federal claims on the merits.[5]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Green's Motion for Judgment on the Pleadings is **DENIED** [28].

**SO ORDERED** this 13th day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] In his Response to Defendant Green's Motion for Judgment on the Pleadings, Plaintiff characterizes Defendant Green's res judicta argument as "frivolous" and requests the Court to award him attorneys' fees in preparing a Response to Defendant Green's Motion. Plaintiff has not filed a Motion seeking attorneys' fees or submitted evidence of his reasonable attorneys' fees and expenses incurred in responding to the Motion for Judgment on the Pleadings.