IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODERIC D. DAVIS,

        Plaintiff,

v.                                              1:12-cv-3549-WSD

CARLOS C. GREEN,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Roderic D. Davis's ("Plaintiff") Motion for Production of Witness [48].

On May 18, 2015, Plaintiff moved for an order directing the Georgia Board of Corrections to produce Marcus Taylor ("Taylor") to testify at trial on June 8, 2015. Taylor is an inmate at the Coastal Transitional Center in Savannah, Georgia. Plaintiff contends that Taylor is "an essential eyewitness to the alleged constitutional violations that are the subject of plaintiff's claims against" Defendant Green. Plaintiff's Mot. at 1. The Court construes Plaintiff's Motion as a Petition for a writ of habeas corpus ad testificandum ("writ").

The Court, in its discretion, may require the presence at trial of a prisoner incarcerated in a state penitentiary. United States v. Sandoval, 299 F. App'x 863,

864-65 (11th Cir. 2008).  Section 2241(c)(5) of the Judicial Code authorizes the Court to issue a writ to obtain the presence of a state prisoner at trial.  28 U.S.C. § 2241(c)(5).  The Court's authority to issue the writ applies in all civil cases between private parties.  See ITEL Capital Corp. v. Dennis Mining Supply & Equipment, Inc., 651 F.2d 405, 406-07 (5th Cir. 1981);[1] Barnes v. Black, 544 F.3d 807, 809-10 (7th Cir. 2008).

To determine whether a writ should be issued, the Court considers "whether the prisoner's presence will substantially further the resolution of the case, what security risks are presented by permitting the prisoner to come to court to testify, what the expense of the prisoner's transportation and upkeep will be, and other facts bearing on the need for the prisoner's testimony vis-à-vis the difficulties attendant in securing it."  United States v. Rinchack, 820 F.2d 1557, 1568 (1987).  A plaintiff seeking the writ has the affirmative burden to show the necessity and relevance of the prisoner's testimony.  Id.  The failure to explain the testimony or "give an offer of proof as to the testimony [a prisoner] might be expected to offer" constitute grounds to deny the writ.  Id. (citing United States v. Rigdon, 459 F.2d 379, 380 (6th Cir. 1972) (generally stating that a witness is necessary as

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued before September 30, 1981.

an alibi and for impeachment purposes is insufficient to show the necessity and relevance of the testimony)).

Plaintiff here has failed to provide any information regarding the nature or substance of Taylor's trial testimony or what it adds to the evidence intended to be presented in this case.  Plaintiff has also failed to present any information upon which the Court can evaluate the risk that Taylor may present if he testifies at trial, the risks associated with his transport or the expense that will be associated with his travel.  Id. at 1568.  In the absence of this fundamental information necessary for the Court to evaluate if his testimony and presence are necessary, the Court declines to issue the writ.[2]

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Production of Witness [48] is **DENIED**.

---

[2] The Court also notes that, on March 6, 2015, the Court set this case for trial beginning on June 8, 2015.  Despite this advance notice, Plaintiff waited for two and a half months after the trial date was set to request the writ.  Plaintiff does not explain the reason for his delay in seeking the writ, and he does not explain why he failed to provide the information necessary for the Court to determine whether Taylor's presence should be ordered.  See Rinchack, 820 F.3d at 1568 (observing that if the petitioner has adequate notice of the trial date, a district court may refuse to issue the writ if the petition is untimely).  The Court finally notes that Plaintiff did not cite the proper authority upon which to request the writ he seeks.

**SO ORDERED** this 21st day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE