IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODERIC D. DAVIS,

        Plaintiff,

v.

CARLOS C. GREEN,

        Defendant.

1:12-cv-3549-WSD

**OPINION AND ORDER**

This matter is before the Court on Defendant Carlos C. Green's ("Defendant") Second Motion in Limine[1] [42].

**I.     BACKGROUND**

On October 10, 2012, Plaintiff Roderic D. Davis ("Plaintiff") filed a Complaint against Defendants Green and Thomas H. Pough ("Pough") (collectively, "Defendants"), in their individual and official capacities as Clayton

---

[1] This case was initially set for trial on February 17, 2015, and Motions in Limine were due on January 12, 2015. On the day that Defendant filed its First Motion in Limine, it also moved for Judgment on the Pleadings. Because Defendant sought a Judgment on the Pleadings, the Court reset the trial date for June 8, 2015. On April 27, 2015, Defendant withdrew its "First" Motion in Limine, and filed a "Second" Motion in Limine. The "Second" Motion in Limine is identical to the "First" Motion in Limine, and it is the only Motion in Limine pending before the Court.

County corrections officers.  Plaintiff alleges that, while Plaintiff was detained in the Clayton County Jail, Defendants entered his cell, slammed his head against the concrete wall and metal bed, and knocked him unconscious.  Plaintiff alleges that Defendants failed to provide him with medical assistance after he was assaulted.  He claims he suffered permanent and severe physical and emotional injuries as a result of the alleged assault.  Plaintiff contends that Defendants violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

On May 15, 2013, the Court dismissed Defendant Pough from this action for insufficient service of process.  On May 29, 2014, the Court administratively closed this case because the case was inactive for several months.  The Court required the parties to file a Motion to Vacate within sixty (60) days, warning that a failure to move to vacate would result in a dismissal of the action with prejudice.  On July 28, 2014, Plaintiff moved to vacate the May 29, 2014, Order.  On November 18, 2014, the Court reopened this matter.  On January 12, 2015, Defendant Green moved for Judgment on the Pleadings on the ground that res judicata bars Plaintiff from litigating his federal claims in this Court.  On April 13, 2015, the Court denied Defendant Green's Motion for Judgment on the Pleadings.

On April 27, 2015, Defendant Green moved in limine to preclude Plaintiff from introducing the testimony of witnesses and documents that were not disclosed during discovery, and evidence regarding several other matters. The Court now addresses each category of evidence that Defendant Green seeks to exclude.

## II. DISCUSSION

### A. <u>Analysis</u>

#### 1. *Testimony of Undisclosed Witnesses*

Defendant Green seeks to exclude Plaintiff from introducing the testimony of the following witnesses: Ben Davis, William Dubee, Garland Watkins, Ranisha Pendleton, Geraldine Washington, Renee Bright, Shon Hill, John Doe (Plaintiff's cellmate at the Clayton County Jail), Marcus Taylor, Cassandra Pitts, Phillip Neely, Jane Doe (Clayton County Jail nurse), Jim Doe (inmate at Clayton County Jail), Kymberly Winfrey, J. Williams, Moss, Martin, John Doe (Clayton County's investigator), Turnipseed, Carlos Green, Jamie Williams and Clide Moss ("the witnesses"). Defendant Green argues that the testimony of these witnesses should be excluded because Plaintiff failed to disclose them, and Plaintiff's failure to do so is not substantially justified or harmless.[2]

---

[2] On May 27, 2015, at the direction of the Court, Plaintiff advised the Court of the twenty (20) witnesses he intends to call in his case-in-chief. The Court notes that Plaintiff failed to provide all of the information required for each witness. Not all

3

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires that a party must provide to other parties the name of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment."  See Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure requires the parties to supplement their Rule 26 disclosures in a timely manner.  See Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  See Fed. R. Civ. P. 37(c)(1); Romero v. Drummond Co., Inc., 552 F.3d 1303, 1323 (11th Cir. 2008) (A party that "fails to provide information . . . as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence . . . at trial unless the failure was substantially justified or is harmless.") (internal quotation marks and citations omitted)).  The initial

---

of the witnesses Defendant seeks to exclude in his Second Motion in Limine appear on the May 27, 2015, witness list.  In light of Plaintiff's erratic and unreliable litigation practices in this case, the Court considers the Motion in Limine with respect to all of the persons identified in the Motion.

4

disclosure requirements of Rule 26 are fundamental to the orderly, efficient, cost-effective and fair litigation of civil cases and the Rule 37(c)(1) remedies are directed at sanctioning a litigant for failing to provide or supplement the most basic information necessary to efficiently and fairly litigate a dispute.

     Plaintiff admits that he did not disclose the witnesses Defendant Green seeks to exclude from testifying at trial.  Plaintiff did not supplement his disclosures and identify any of these witnesses until May 13, 2015, the day after Plaintiff filed his response to Defendant's Second Motion in Limine.  At this point, when this "disclosure was made" the case had been pending for two and one half years, discovery had been closed for months, and the trial was set to take place in less than four weeks.  Plaintiff's only argument advanced to excuse this discovery and disclosure failure is that he failed to identity the witnesses or disclose the subject-matter of their testimony because "the court file containing challenged information had been misplaced and was not located until the parties were preparing the [p]retrial [o]rder."  Pl.'s Resp. at 2.  This vague excuse is not supported by facts.  Plaintiff does not explain who misplaced the court file or how the court file was allegedly misplaced.  Plaintiff contends that his failure to disclose the witnesses was harmless because Defendant Green provided some of the "challenged information on or about February 8, 2010 per the public record

5

request submitted by plaintiff's counsel to the Clayton County Sherriff's Department." Id.  This conclusory claim also is not supported by facts, and it does not excuse Plaintiff from fulfilling his discovery obligations.

In Nance v. Ricoh Electronics, Inc., the Eleventh Circuit rejected the plaintiff's argument that the defendant was not prejudiced by plaintiff's failure to disclose witnesses because the undisclosed witnesses were the defendant's employees "with whom [the defendant] was familiar." 381 App'x 919, 923 (11th Cir. 2010).  The Eleventh Circuit held that the plaintiff's argument did not justify his failure to disclose the witnesses.  Id.  Here, Plaintiff argues that his failure to disclose should be excused because Defendant Green provided him with information pursuant to a public record request.  Id.  Plaintiff does not explain why Defendant Green should have known about the undisclosed witnesses based on a public record request initiated by Plaintiff.  Even if the Court assumes that Defendant Green was familiar with the undisclosed witnesses, mere "familiarit[y]" with a witness does not justify Plaintiff's failure to comply with his discovery obligations.  Id.  The disclosure of people who have knowledge of the facts of a case are fundamental and critical to civil litigation.  It is these disclosures that put a party on notice of the evidence that it must understand and with which it may have to contend at trial.  The disclosures are essential to develop a reasoned,

cost-effective plan for discovery. It allows a party to assess its case and the end result is often an early resolution to the dispute. Plaintiff's refusal to embrace these litigation obligations thwarted the purpose of these discovery rules.

Plaintiff here failed to provide any argument that his failure to disclose was substantially justified. The Court also finds that the failure to disclose these witnesses is not harmless because Defendant Green did not have the opportunity to depose them and conduct proper discovery. See Nance, 381 F. App'x at 923 (holding that failure to disclose witnesses was not harmless because defendant did not have the opportunity to depose the witnesses and conduct discovery). Defendant Green's Motion in Limine to exclude the witnesses that were not disclosed is granted, except with respect to Marcus Taylor for the reasons stated below.

The Court considers Taylor separately. The Court notes that it entered an Order on May 28, 2015, in response to Plaintiff's Motion to Reconsider its May 21, 2015, Order, denying a writ to arrange for Taylor to appear at trial from his place of incarceration in Savannah, Georgia. The Court denied the writ, but, sua sponte allowed Plaintiff to depose Taylor before trial. The decision to allow the deposition was made without having yet evaluated the Second Motion in Limine. Although Plaintiff did not identify Taylor in a Rule 26(a)(1)(i) disclosure,

the Court notes that Plaintiff did produce to Defendant a copy of a statement made by Taylor regarding the incident at issue in this case.  The statement was produced on September 3, 2013.  Taylor's identity and the substance of what he knew was thus effectively disclosed by Plaintiff on September 3, 2013, and Defendant had the opportunity to depose him and he cannot claim now surprise or unfairness.  The Court notes that Taylor is scheduled to be deposed in Savannah on Friday, June 6, 2015.  Both parties thus will have a chance to record his testimony before trial.[3]

### 2. *Testimony of Treating Physicians*

Plaintiff seeks to introduce the testimony of Dr. Kerry Miller and Dr. Robert Howard regarding the treatment they provided to Plaintiff and their opinion on the cause of Plaintiff's injuries.  Plaintiff contends that Dr. Miller and Dr. Henry were not required to provide a written expert report, as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, because Plaintiff did not retain them to testify at trial.  Defendant Green seeks to exclude the testimony of Dr. Miller and Dr. Henry on the ground that Plaintiff did not disclose the subject-matter of their testimony or provide a summary of the facts and opinions on which their testimony

---

[3] Defendant requests reconsideration of the Court's decision to allow the deposition.  Because Taylor was identified to Defendant in September 2013, the Motion for Reconsideration is denied.

is based.

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, which governs the disclosure of treating physicians, requires a party to provide "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." See Fed. R. Civ. P. 26(a)(2)(C).  A failure to provide the subject matter of a treating physician's testimony or a summary of the facts and opinions of the treating physician precludes a party from introducing their testimony at trial unless the failure was substantially justified or harmless. See Fed. R. Civ. P. 37(c)(1); Romero, 552 F.3d at 1323; see also Kondragunta v. Ace Doran Hauling & Rigging Co., No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013); Faile v. Dillard's Inc., No. 5:11-cv-41-RS-CJK, 2011 WL 7641239, at *1 (N.D. Fla. Nov. 4, 2011) (identifying treating physicians and asserting that they "may be an expert to the extent an opinion is rendered as to causation and damages" does not satisfy Rule 26(a)(2)(C) disclosure requirements); Schultz v. Ability Ins. Co., No. C11-1020, 2012 WL 5285777, at *5 (N.D. Iowa Oct. 25, 2012) (finding that merely identifying treating physicians was insufficient to satisfy Rule 26(a)(2)(C)'s requirements).

In his response, Plaintiff does not acknowledge the disclosure requirements

of Rule 26(a)(2)(C).  Plaintiff contends, without any authority, that the Second Motion in Limine should be denied because Plaintiff is not required to provide a written expert report.  Plaintiff's response misapprehends the requirements of Rule 26(a)(2)(C).  An expert report is required to be provided if the expert is retained and specially employed to provide testimony in a case, and it is true this requirement does not apply to Plaintiff's treating physicians.  See Fed. R. Civ. P. 26(a)(2)(B).  Rule 26(a)(2)(C), however, has a specific requirement for disclosures regarding treating physicians, with which Plaintiff must comply.

Plaintiff did not provide the subject-matter of his treating physicians' testimony or the facts and opinions on which their testimony is based.  Plaintiff did not meet this minimal obligation, and he did not explain why he failed to disclose the nature and substance of his treating physicians' testimony, and he does not explain why his failure to comply with Rule 26(a)(2)(C) was substantially justified or harmless.[4]  Defendant's Motion to preclude their testimony is granted.

---

[4] The Court has examined Plaintiff's response to Defendant's discovery request, and notes that Plaintiff produced a "personal injury narrative" report that was signed by Dr. Miller and Dr. Howard.  This report does not contain the equivalent of a "summary of the facts and opinions to which the witness is expected to testify" as required by Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

### 3. Undisclosed Documents

In the pre-trial order, Plaintiff listed thirteen (13) documents that were not disclosed in his initial disclosures or in response to Defendant Green's discovery requests. These documents are:

- Defendant Green's letter of resignation from Clayton County Jail.
- A notice of pre-disciplinary complaint concerning I.A. complaint number 2009FEB007.
- Defendant Green's Clayton I.A. file number 2009FEB007.
- A memorandum from Captain D. Cash to Sergeant Geraldine Washington concerning the assaults by Defendant Green upon Ranisha Pendleton.
- Ranisha Pendleton's written report of the physical assault upon her person by Defendant Green.
- Notice of Internal Investigation to Defendant Green regarding I.A. investigation number 2009FEB007.
- Defendant Green's Clayton I.A. file numbers 2008IA009 and 2007IA008.
- Clayton County Sherriff's Department's Standard Operating Procedures.
- Plaintiff's medical records at the Clayton County Jail in 2008.
- Plaintiff's medical records and bills from his treating physicians.
- Defendant Green's employment file and I.A. files from 2007 to present.
- A photograph of Plaintiff's jail cell.
- Defendant Green's Georgia POST file.

Defendant Green argues that Plaintiff should not be allowed to introduce these documents at trial because he failed to disclose them in his initial disclosures or in response to discovery. Plaintiff does not dispute that he failed to identify or disclose these documents or that these documents were the subject of proper discovery requests. Plaintiff instead refers to the same arguments that he made to support that his undisclosed witnesses should not be excluded. The Court finds

11

these arguments to be unconvincing, and wholly insufficient to excuse Plaintiff's failure to abide by the basic discovery requirement to produce documents required to be disclosed in discovery. Plaintiff does not offer any argument to show that his failure to disclose these documents in his initial disclosures or in response to Defendant Green's discovery requests is substantially justified or harmless. Defendant Green's Motion Limine to exclude Plaintiff from introducing the above mentioned documents at trial is granted. See Fed. R. Civ. P. 37(c)(1); Romero, 552 F.3d 1303 at 1323.

> 4. *Disciplinary Actions and Investigations Related to Sergeant Pough and Officer Era*

Defendant Green seeks next to exclude evidence of "disciplinary actions taken or recommended against or investigation findings made regarding Sergeant Pough or Officer Era." Mot. in Limine at 18. Sergeant Pough was a Defendant in this action, but he was dismissed for insufficient service of process. In his Complaint, Plaintiff alleged that Sergeant Pough also assaulted him at the Clayton County Jail. Officer Era was not named a Defendant in this case. Defendant Green does not explain who Officer Era is or why his actions are relevant to this dispute. Defendant Green concedes that Sergeant Pough's and Defendant Era's disciplinary record shows that they violated several departmental rules, including rules against the excessive use of force. Defendant Green does not explain the

nature or substance of any investigation that was conducted into Sergeant Pough's and Officer Era's conduct, the context of the investigations, the results of the investigations or disciplinary proceedings, including whether these investigations and disciplinary proceedings related to the incident that gave rise to this dispute. The Court is unable to determine whether the evidence Defendant Green seeks to exclude is relevant to this dispute because the parties have failed to explain the nature of what Defendant Green seeks to exclude and why it is required to be excluded. Defendant Green's Motion in Limine to exclude evidence of disciplinary actions and investigations related to Sergeant Pough and Officer Era is, at this point, denied, but without prejudice to object to the evidence should Plaintiff seek to introduce it at trial.[5]

            5.     *References to an "assault" and "battery" on Plaintiff*

Defendant Green argues that Plaintiff should be excluded from introducing evidence of an assault or battery on Plaintiff's person on the ground that the Fulton County State Court granted Defendant's Motion for Summary Judgment on Plaintiff's claims for assault and battery, and res judicata bars Plaintiff from

---

[5] If Plaintiff elects to introduce disciplinary evidence regarding Pough or Era at trial, he is directed to request the Court to consider the evidence during a scheduled break in the proceedings or before the commencement of a trial day. It shall not be first offered when the jury is present.

asserting these claims at trial.  On April 13, 2015, the Court denied Defendant Green's Motion for Judgment on the Pleadings, and found that res judicata does not apply to Plaintiff's federal claims.  Defendant's Motion in Limine to exclude all evidence of an assault and battery on Plaintiff's person is denied.

### 6. *Hearsay and Authentication*

Defendant Green argues that "several documents" Plaintiff seeks to introduce at trial are hearsay or are required to be authenticated by witnesses that were not disclosed, and thus should be prohibited from testifying at trial.  Defendant Green does not identify all of these documents, or explain the evidentiary basis for their exclusion.  For this reason, Defendant Green's Motion in Limine to exclude unidentified documents on the grounds that they are hearsay and cannot be authenticated is denied without prejudice to Defendant objecting to this evidence at trial.

### 7. *Plaintiff's Other Constitutional Claims*

Defendant Green seeks to exclude "all evidence or references to a violation" of Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments, and the right to be free from unlawful searches and seizures under the Fourth Amendment.  Defendant Green argues that Plaintiff should not be allowed to present evidence on these constitutional claims because these claims fail

14

as a matter of law. For example, Defendant Green contends that Plaintiff cannot assert a substantive due process claim under the Fourteenth Amendment because he was already incarcerated at the time of the alleged assault, and prisoners do not have a liberty interest under the Due Process Clause. Defendant Green did not move to previously dismiss these constitutional claims. It is improper to use a Motion in Limine to argue the merits of the dispute. A Motion in Limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). It is well-settled that a party cannot raise non-evidentiary matters in a Motion in Limine. See Louzon v. Ford Motor Co., 718 F.3d 556, 561-62 (6th Cir. 2013); Meyer Intellectual Props. Ltd. v. Bodum, Inc., 690 F.3d 1354, 1378 (Fed. Cir. 2012); Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996). Defendant Green's Motion in Limine to exclude evidence of Plaintiff's claims under the Fourth, Fifth and Fourteenth Amendments is denied.[6]

        8.    *Uncontested Evidence Defendant Seeks to Exclude*

Defendant Green seeks to exclude Plaintiff from introducing evidence of

---

[6] The Federal Rules of Civil Procedure provide a means to move to dismiss claims not proved at trial.

15

allegations of misconduct levied against Defendant Green in other cases, disciplinary actions or recommended disciplinary actions taken against Defendant Green, and evidence related to Defendant Green's resignation from the Clayton County Jail.  Defendant Green also seeks to exclude Plaintiff from introducing the testimony of any witness who did not personally observe the alleged altercation between Plaintiff and Defendant Green, and evidence regarding medical treatment from any person who did not personally attend to the Plaintiff's injuries.  Plaintiff did not oppose Defendant Green's request to exclude these categories of evidence.  Plaintiff has thus abandoned his claim to introduce evidence on these categories at trial.  See United States v. Hoys, 3 F.3d 232, 236 (7th Cir. 1993) (holding that a failure to object to a motion in limine waives the objection); see also Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995); N.D. Ga. L.R. 7.1(B) (failure to respond to motion indicates there is no opposition to the motion).  Defendant Green's Motion in Limine to exclude evidence on the categories identified in this section of the Court's Order is granted.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Green's Motion in Limine is **GRANTED** in part and **DENIED** in part [42].  Defendant Green's Motion to

Exclude (i) the testimony of the witnesses identified in this Order, with the exception of Marcus Taylor, (ii) the testimony of Dr. Miller and Dr. Howard, (iii) the documents identified in this Order, and (iv) uncontested categories of evidence identified in sub-section 8 of this Order is **GRANTED**.  Defendant Green's Motion to exclude (i) the disciplinary actions and investigations related to Sergeant Pough and Officer Era,  (ii) references to an assault and battery on the Plaintiff, (iii) documents that contain hearsay or cannot be authenticated, and  (iv) evidence regarding Plaintiff's Fourth, Fifth and Fourteenth Amendment claims is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendant Green's Motion to Reconsider the Court's Order to Depose Marcus Taylor is **DENIED** [56].

    **SO ORDERED** this 3rd day of June 2015.

    _____
    WILLIAM S. DUFFEY, JR.
    UNITED STATES DISTRICT JUDGE