IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RODERIC D. DAVIS,

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　1:12-cv-3549-WSD

CARLOS C. GREEN,

　　　　　　Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Carlos C. Green's ("Defendant Green") Supplemental Motion in Limine [64].

## I.　BACKGROUND

At the pre-trial conference, on June 3, 2015, Defendant Green advised the Court that he seeks to exclude certain witnesses identified on Plaintiff Roderic D. Davis's ("Plaintiff") witness list that were not disclosed in Plaintiff's initial disclosures or during discovery. Because Defendant Green's Second Motion in Limine was filed before Plaintiff served his witness list, the Court allowed Defendant to file a Supplemental Motion in Limine to exclude additional

witnesses.[1]

On June 4, 2015, Defendant Green moved to exclude Plaintiff from introducing the testimony of the following witnesses: Satira Walker, Kerwyn Martin, Gregory Gantt, A.S. Matthews, S.A. Gavel, R. Hitchcock, Yvonne Ross, Marcus Challenger (Chandles), Michael Era and Robert Paul ("the witnesses"). The witnesses are not listed on Defendant Green's witness list, and Defendant Green did not expect them to testify at trial. Defendant Green argues that the testimony of the witnesses should be excluded because Plaintiff failed to disclose them, and Plaintiff's failure to disclose is not substantially justified or harmless.

In its June 3, 2015, Order, the Court also excluded documents related to an investigation of Defendant Green's alleged assault on Plaintiff at the Clayton County Jail ("the 2008IA009 file") because Plaintiff failed to disclose this file in his initial disclosures and during discovery. The 2008IA009 file contains one hundred and forty six (146) pages of supporting documents that were not disclosed in discovery. Defendant Green did not object to Plaintiff introducing, at trial, an

---

[1] At the pre-trial conference, Defendant withdrew his objection to Plaintiff introducing the testimony of Jamie Williams, Clide Moss and Carlos Green. Accordingly, Plaintiff is allowed to call these witnesses to testify at trial. The Court required Plaintiff to respond to the Supplemental Motion by noon on June 5, 2015. Plaintiff did not file his Response by the time indicated, and, under our Local Rules, it is deemed unopposed. See N.D. Ga. LR. 7.1B.

investigative summary of the 2008IA009 file because Defendant knew about this summary.  In its Supplemental Motion in Limine, Defendant notes that Plaintiff has recently subpoenaed several witnesses and requested them to bring copies of the 2008IA009 file to the trial scheduled for June 8, 2015.  Defendant Green seeks "reinforcement" of the Court's June 3, 2015, Order, and requests the Court to declare that Plaintiff is excluded from introducing the supporting documents of the 2008IA009 file, and that Plaintiff may only introduce the investigative summary of the 2008IA009 file.  Plaintiff did not timely file a Response to Defendant Green's Supplemental Motion in Limine.[2]

## II.   DISCUSSION

### A.   *Witnesses*

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires that a party must provide to other parties the name of "each individual likely to have

---

[2] Plaintiff's Response was required to be filed on Friday, June 5, 2015, at noon. Early in the morning of June 8, 2015, the first day of trial, Plaintiff filed a Response.  In it, he does not dispute that Satira Walker, Kerwyn Martin, Gregory Gantt, A.S. Matthews and S.A. Gavel should be excluded if not listed in the Pretrial Order.  Plaintiff's Resp. at 1 [66].  He claims that "Martin was listed in the Pretrial Order as a witness for plaintiff."  Id.  Even if Plaintiff's untimely Response was considered, the Court notes these witnesses are excluded because Plaintiff failed to disclose them at any time while this litigation was in progress, and, specifically, these witnesses were not disclosed during discovery or in Plaintiff's original initial disclosures or any supplement to them.

discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure requires the parties to supplement their Rule 26 disclosures in a timely manner.  <u>See</u> Fed. R. Civ. P. 26(e)(1)(A).

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." <u>See</u> Fed. R. Civ. P. 37(c)(1); <u>Romero v. Drummond Co., Inc.</u>, 552 F.3d 1303, 1323 (11th Cir. 2008) (A party that "fails to provide information . . . as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence . . . at trial unless the failure was substantially justified or is harmless.") (internal quotation marks and citations omitted)).  The initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure are fundamental to the orderly, efficient, cost-effective and fair litigation of civil cases and the Rule 37(c)(1) remedies are directed at sanctioning a litigant for failing to provide or supplement the most basic information necessary to efficiently and fairly litigate a dispute.

Plaintiff did not disclose the witnesses that Defendant Green seeks to exclude in his Supplemental Motion in Limine.  Plaintiff did not supplement his disclosures or identify the witnesses before discovery had closed in this case. Plaintiff did not oppose the Supplemental Motion in Limine, and he has thus failed to provide any argument that his failure to disclose was substantially justified.  The Court also finds that the failure to disclose the witnesses is not harmless because Defendant Green did not have the opportunity to depose them and conduct proper discovery.  See Nance v. Ricoh Electronics, Inc., 381 F. App'x 919, 923 (11th Cir. 2010) (holding that failure to disclose witnesses was not harmless because defendant did not have the opportunity to depose the witnesses and conduct discovery).  Defendant Green's Supplemental Motion in Limine to exclude the witnesses that were not disclosed is granted.

B.    *Investigative Report*

In its June 3, 2015, Order, the Court excluded Plaintiff from introducing the 2008IA009 file.  Defendant did not move to exclude the three-page summary of the investigative findings related to the 2008IA009 file, and Defendant does not now contend that this summary is not admissible at trial.  The Court expects the parties to abide by its June 3, 2015, Order, and there is currently no indication that Plaintiff will disregard the Court's rulings.  The Court's June 3, 2015, Order, is

self-explanatory.  The supporting documents of the 2008IA009 file are excluded, but the three-page investigative summary of the 2008IA009 file is not because Defendant Green did not seek to exclude the summary.  Defendant Green's request for "reinforcement" of the Court's June 3, 2015, Order, is denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Green's Supplemental Motion in Limine is **GRANTED** in part and **DENIED** in part [64].  Defendant Green's Motion in Limine to exclude the testimony of the witnesses identified in this Order is **GRANTED**.  Defendant Green's Motion in Limine seeking "reinforcement" of the Court's June 3, 2015, Order is **DENIED**.

**SO ORDERED** this 8th day of June, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE